UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GWENDOLYN MICHALEC,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

                Defendant.

CASE NO. C18-0280-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Gwendolyn Michalec proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1] She completed high school and previously worked as a municipal maintenance worker, horticultural worker, and caterer helper. (AR 23, 56-57.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1). The Court also herein reminds counsel for plaintiff that errors alleged must be listed beginning on page one of the Opening Brief, as directed in the Court's Scheduling Order. (Dkt. 6 at 2.)

ORDER
PAGE - 1

Plaintiff filed a DIB application in October 2013, alleging disability beginning November 1, 2010. (AR 172.) Her date last insured for purposes of receiving DIB is December 31, 3015. (AR 19.) Her application was denied initially and on reconsideration.

ALJ Timothy Mangrum held a hearing on December 30, 2014, taking testimony from plaintiff and a vocational expert (VE). (AR 30-65.) On August 27, 2015, the ALJ issued a decision finding plaintiff not disabled. (AR 17-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on January 23, 2018 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed the final decision to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's left shoulder impingement and tendonitis severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

light work, with the following additional limitations: frequently push, pull, and handle and occasionally reach overhead with the left upper extremity; no climbing of ladders, ropes, and scaffolds; and occasionally crawl. With that assessment, the ALJ found plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a parking lot cashier, office helper, and housekeeping cleaner.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in relation to her knee condition, in assessing her RFC and reaching conclusions at steps three and five, and in evaluating her symptom testimony. She maintains the decision is not supported by substantial evidence and requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues

the ALJ's decision has the support of substantial evidence and should be affirmed.

Knee Condition

Plaintiff avers error in the failure to find her knee condition severe at step two. She maintains the ALJ subsequently failed to consider whether she met a listing, failed to account for additional limitations in the RFC, and necessarily erred in the remainder of the analysis.

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." § 404.1522(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28).

However, before considering severity, there must be a determination a medically determinable impairment exists. § 404.1521. That determination requires objective medical evidence from an acceptable medical source. *Id.*; SSR 16-3p. Neither a statement of symptoms, a diagnosis, nor a medical opinion suffices to establish the existence of a medically determinable impairment. § 404.1521. Pain or other symptoms will not be found to affect the ability to perform basic work activities unless medical signs or laboratory findings show the presence of a medically determinable impairment. § 404.1529(b). "Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*

In this case, plaintiff testified she had knee pain. (AR 51-53.) The ALJ accurately stated that pain is a symptom, not an impairment, and that "knee pain as a symptom cannot be a medically determinable impairment in the absence of a related diagnosis." (AR 20.) *See* § 404.1529 ("How we evaluate symptoms, including pain."); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (medical opinion offered in support of an impairment must include both symptoms and a diagnosis; claimant failed to establish a severe impairment at step two where no medical opinions "included a finding of impairment, a diagnosis, or objective test results").

The ALJ further reasonably found plaintiff's knee pain non-severe. He observed that, during multiple visits with her treating physician, plaintiff did not mention knee pain. (AR 20 (citing AR 563-74).) The ALJ nonetheless credited some of plaintiff's subjective complaints, including those made at hearing. (AR 20-21.) He limited plaintiff to light work, with no climbing of ladders, ropes, or scaffolds, and only occasional crawling. (AR 20.)

Plaintiff's contention of error at step two and beyond is no more than conclusory. She fails to identify evidence supporting the existence of a severe or even medically determinable knee impairment. She does not address the ALJ's consideration of whether she met Listing 1.02 (major dysfunction of a joint) or Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint) (AR 20), or even attempt to show a knee impairment or combination of impairments meeting or equaling those or any other listings. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (claimant must present medical findings meeting or equaling all specific medical criteria of a listing). Nor does plaintiff identify or support the existence of additional limitations associated with her knee pain not already accounted for by the ALJ in the RFC or at steps four and five. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (even if an ALJ errs at step two, such error is properly deemed harmless where the limitations associated with the impairment are

considered at step four); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (RFC and hypothetical to VE need not account for limitations or impairments the ALJ properly rejected; finding no error in failure to explicitly address drowsiness side effect of a claimant's medications where the ALJ accounted for limitations for which there was support in the record and did not depend on the claimant's subjective complaints). Plaintiff, accordingly, fails to demonstrate error associated with her knee.

### RFC and Steps Three and Five

Plaintiff argues the ALJ erred in evaluating her RFC, and therefore erred in determining she was not disabled under rules 201.12 and 201.14 of the Medical-Vocational Guidelines (or "grids"), which apply to sedentary work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 201.12 and 201.14. She points to evidence her treating doctor, Dr. Michael Franceschina, agreed with a 2012 assessment finding her able to perform sedentary-to-light work and as to the existence of permanent partial disability. (*See* AR 457-58, 570-71.) She notes a 2014 independent medical examination (IME) finding by Dr. Edward Dagher of atrophy of her left upper extremity muscles. (AR 579.) Plaintiff contends application of the sedentary work grid rules supports a determination of disability. She also asserts her arm pain and conditions considered in combination under Listing 1.02 leads to a finding of disability.

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). The "final responsibility" for decision issues such as an individual's RFC is reserved to the Commissioner. §§ 404.1527(d)(2), 404.1546(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

The ALJ here reasonably construed the medical evidence to support an RFC of a reduced range of light work and properly considered the corresponding grid rules. (AR 24 (considering 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 202.21 and 202.14).) The 2014 IME, for example, deemed plaintiff capable of participating in gainful employment, with no restrictions in lifting or carrying below shoulder level with elbows at the sides, and the ability to occasionally reach overhead up to twenty-five pounds and frequently up to ten pounds, and up to thirty pounds reaching straight out at or below shoulder level occasionally. (AR 581.) The ALJ found these limitations consistent with the RFC and accorded them significant weight. (AR 21-22.) He likewise accorded significant weight to the 2013 opinion of examining physician Dr. William Bulley and the 2011 opinion of examining orthopedic surgeon Dr. Patrick Bays. (AR 22 (citing AR 556-57 and 546).) Dr. Bulley limited plaintiff to lifting twenty-five pounds with overhead work and avoiding work above shoulder height, while Dr. Bays revised a disability rating downward based on evidence from Dr. Franceschina and another physician showing plaintiff had "'much better range of motion'" than Dr. Bays previously found. (*Id*.) The ALJ found the opinions of Dr. Franceschina generally supportive of the RFC. Dr. Franceschina had not precluded plaintiff from all work and, instead, recommended a job not requiring repetitive use of her shoulder and upper extremity, and subsequently imposed and reiterated permanent restrictions for overhead reaching and lifting. (AR 23-24 (citing AR 460, 462, 467).) The ALJ accorded the opinions of Dr. Franceschina significant weight and included limitations to occasional overhead reaching on the left. Finally, the ALJ adopted the opinion of the reviewing State agency physician finding plaintiff capable of light work, with the additional limitations set forth in the RFC. (AR 23.) Plaintiff does not demonstrate error in the ALJ's assessment of the medical evidence, formulation of the RFC, or determination at step

1 five.[2]

Plaintiff also fails to demonstrate error in the consideration of her arm impairment at step three. A claimant must present medical findings meeting or equaling all specific medical criteria of a listing. *Sullivan*, 493 U.S. at 530. The evidence of atrophy does not show plaintiff meets or equals Listing 1.02. (AR 20 (finding plaintiff failed to meet Listing 1.02 "because there is no finding of joint space narrowing, bony destruction, or ankylosis at either a major peripheral weight-bearing joint at the hip, knee, or ankle, or a major peripheral joint in each upper extremity at the shoulder, elbow, or wrist-hand[,]" and that the record did not show she is "unable to ambulate effectively or perform fine and gross movements effectively, as required by the listing.")); *accord* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.

Symptom Testimony

The ALJ found that, while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[3] (AR 21-23.) The record as a whole supported some limitations in plaintiff's ability to perform work-related activities, but the RFC adequately accounted for those limitations, and was consistent with the objective medical findings and opinion evidence, as well as plaintiff's documented activities.

Plaintiff avers error in the ALJ's assessment of her symptom testimony. She deems untrue

---

[2] The Commissioner argues the 2012 sedentary-to-light work assessment is consistent with an RFC to light work given that RFC accounts for the most a claimant can do. The 2012 evaluation assessed plaintiff's ability to perform at a sedentary-to-light work capacity, with the anticipation she could improve her tolerances to "full Light to Light-Medium" work. (AR 457-58.) The Court, in any event, finds substantial evidence support for the ALJ's conclusions as discussed above.

[3] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. However, this change is not applicable to the August 27, 2015 ALJ decision in this case and the Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 8

the finding that objective test results do not support the degree of limitation alleged. Noting a focus on the fact the IMEs in the record all referred to her self-limiting tendencies, plaintiff states: "The ALJ seems to be of the belief that someone objectively examining the claimant has more knowledge about how the impairment disables them and their pain level than the actual patient." (Dkt. 7 at 9.) She suggests an individual could be expected to avoid certain activities after a shoulder injury and surgery, and that the person living with an impairment is a better source of knowledge than an objective medical examiner. However, contrary to plaintiff's contentions, the ALJ provided the required specific, clear, and convincing reasons to reject her testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 96-7p and SSR 16-3p. An ALJ therefore properly considers whether the medical evidence supports or is consistent with her allegations. *Id.*; § 404.1529(c)(4) (symptoms are determined to diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence.") An ALJ may reject subjective testimony upon finding it contradicted by the medical record. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008). An ALJ may also consider evidence of exaggeration. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ here reasonably found the objective test results did not support the disabling degree of left shoulder impairment and tendonitis alleged. (AR 21 (citing normal EMG and nerve conduction study in December 2013, summarized by a physician as "'Normal study,' and that there

ORDER
PAGE - 9

was 'no evidence' of an active or chronic left cervical radiculopathy."); AR 22 (Dr. Bulley found the left shoulder pain to be "'of unclear etiology with an absence of objective findings to support the subjective complaints.'")) The ALJ contrasted the normal findings with plaintiff's allegation she is unable to use her arm and shoulder at all, and concluded the significant discrepancy between the allegations as to the degree of impairment and the objective tests results eroded the symptom testimony. Plaintiff summarily denies the truth of the ALJ's conclusion, but does not show he erred in interpreting the evidence. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

An ALJ also properly considers a claimant's failure "to give maximum or consistent effort" on examination. *Thomas*, 278 F.3d at 959 (claimants "efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her lack of credibility.") *See also Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (ALJ properly considered evidence showing failure to exert adequate effort during testing). The ALJ here considered Dr. Dagher's multiple references to plaintiff's "self-limiting tendency and that 'subjective symptoms outweigh the objective findings.'" (AR 21 (citing AR 579).) Dr. Dagher stated plaintiff subjectively inhibited active range of motion at the left shoulder, that she was "'self-limited due to symptoms only without convincing anatomic or physiologic limitations[,]'" and cited disuse of her left shoulder girdle muscles "'due to fear-avoidance related to symptoms.'" (AR 21-22 (citing AR 579-80).) Dr. Bulley similarly noted plaintiff's self-limitation in strength testing, found there appeared to be volitional weakness on the left shoulder abduction and flexion, and observed that all other muscle groups involving both upper extremities had 5/5 strength. (AR 22 (citing AR 554).) He found an absence of objective findings to support the subjective complaints and a ten percent disability of

the left upper extremity, attributed to prior surgery, but no additional impairment due to range of motion.  (*Id*. (citing AR 555-56).)  Finally, the ALJ found Dr. Bays' downward revision of his disability rating significant because it was consistent with both Dr. Dagher's and Dr. Bulley's references to plaintiff's repeated self-limitation in her range of motion.  (*Id*. (citing AR 546).)  It had "the effect of suppressing the level of functional capacity as presented."  (*Id*.)

Plaintiff does not support the contention the ALJ should have favored her own symptom testimony over the evidence from multiple examining physicians.  In weighing symptom testimony, an ALJ properly considers inconsistency between the testimony and evidence from physicians concerning the nature, severity, and effect of the symptoms alleged.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ here reasonably considered the evidence of plaintiff's self-limiting behavior and related findings of the physicians of record as a reason to discount her testimony.  There is, in sum, substantial evidence support for the ALJ's conclusion regarding plaintiff's symptom testimony, and for the ALJ's decision as a whole.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>12th</u> day of September, 2018.

Mary Alice Theiler
United States Magistrate Judge